IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NEWCSI, INC., | § | |
| Plaintiff, | § § § | |
| V. | § § | CIVIL ACTION NO. 1:14-CV-00557-LY |
| STAFFING 360 SOLUTIONS, INC., | § § § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff NewCSI, Inc. ("Plaintiff" or "NewCSI") and files this First Amended Complaint against Defendant Staffing 360 Solutions, Inc. ("Defendant" or "Staffing 360") and in support shows as follows:

### I. PARTIES/JURISDICTION

1. Plaintiff NewCSI is a Delaware corporation that is headquartered in Austin, Texas.

2. Defendant Staffing 360 is a Nevada corporation that is headquartered in New York, New York, which has already appeared herein and may be served with this pleading by delivering same to its counsel of record.

### II. JURISDICTION AND VENUE

3. Paragraphs 1 and 2 above are specifically incorporated by reference to the extent of any and all jurisdictional allegations.

4. Plaintiff NewCSI filed its Original Petition in the 353rd Judicial District Court of Travis County, Texas on May 22, 2014. On or about June 16, 2014, Defendant Staffing 360 timely removed the case to this Court. The Court therefore has subject matter jurisdiction over the claims

herein because under 28 U.S.C. 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000.00.

5.    Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where this action was pending is located in this district. Venus is also proper in this Court under 28 U.S.C section §1391(b)(2) because a substantial part of the events or omissions giving rise to the within claims occurred in this District or because a substantial part of the property that is the subject of this action is located in this District.

## III.  BACKGROUND FACTS

6.    On November 4, 2013, Defendant Staffing 360 purchased 100% of the equity of Control Solutions International, Inc. from Plaintiff NewCSI pursuant to the terms of the Stock Purchase Agreement ("SPA") dated August 14, 2013, attached as Exhibit A.

7.    Section 2.7 of the SPA required Staffing 360 to determine the value of CSI's "Deferred Tax Assets," as defined in that provision, within 90 days after December 31, 2013.  Staffing 360 was then required to pay NewCSI 50% of that amount along with the next monthly earn out payment. That payment was due on or before April 20, 2014. NewCSI reminded Staffing 360 of its obligations multiple times, yet Defendant Staffing 360 has failed to send the payment — or even the calculation.  Both failures constitute breaches of the SPA.

8.    Staffing 360's breach is an "Adjustment Event," as defined in Section 2.2(d)(ii), triggering acceleration of $1.4 million (minus earn out paid to date) of the up to $2.1 million that Defendant Staffing 360 owes NewCSI.

9.    By this suit, Plaintiff NewCSI respectfully requests that the Court find Defendant Staffing 360 in breach of the SPA and declare NewCSI's right to an acceleration of $1.4 million of the up to $2.1 million earn out.

10. In the alternative, Plaintiff NewCSI is entitled to an acceleration pursuant to Section 2.2(d)(v)(b) of the SPA which states that an adjustment event occurs if it should "be unable, or admit in writing its inability, to pay its debts as they mature."

## IV. CAUSES OF ACTION

### A. Breach of Contract.

11. Plaintiff NewCSI incorporates by reference paragraphs 1-10 above as if set forth at length herein.

12. Defendant Staffing 360 breached the SPA by failing to calculate and pay NewCSI 50% of the "Deferred Tax Assets," as defined by that provision in Section 2.7. Plaintiff seeks damages, acceleration of the earn out, and attorneys' fees.

### B. Declaratory Judgment Action.

13. Plaintiff NewCSI incorporates by reference paragraphs 1-12 above as if set forth at length herein.

14. NewCSI respectfully requests a declaration of the Parties' rights and responsibilities under the SPA that: (a) Defendant Staffing 360 was required to calculate the "Deferred Tax Assets," as defined by Section 2.7, on or before March 31, 2014, and to pay NewCSI 50% of that amount on or before April 20, 2014; and (b) that failure to do so was an "Adjustment Event" triggering acceleration of $1.4 million (minus earn out paid to date) of the up to $2.1 million earn out.

15. NewCSI respectfully requests a declaration that Section 2.2(d)(v)(b) of the SPA has been triggered because both Staffing 360 and Control Solutions International, Inc. have become unable to pay their debts as they mature. These conditions also constitute an "Adjustment

Event" under the SPA. However, under this latter Adjustment Event, Staffing 360 becomes liable to NewCSI for $2.1 million less the amount of any earn out paid to-date.

## V. JURY DEMAND

16. Plaintiff respectfully demands a trial by jury.

## VII. PRAYER FOR RELIEF

17. Plaintiff respectfully requests that Defendant be cited to appear and answer, and that it be granted judgment against Defendant for monetary relief over $1 million, and all further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

HOHMANN, TAUBE & SUMMERS, L.L.P.

By: */s/ Guy M. Hohmann*
Guy M. Hohmann
State Bar No. 09813100
guyh@hts-law.com
Ryan T. Shelton
State Bar No. 24037484
ryans@hts-law.com
Carrie Puccia
State Bar No. 24083691
carriep@hts-law.com
100 Congress Avenue, 18th Floor
Austin, Texas 78701
Telephone: 512.472.5997
Facsimile: 512.472.5248

ATTORNEYS FOR PLAINTIFF
NEWCSI, INC.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on all parties via the Western District of Texas CM/ECF system in accordance with the Federal Rules of Civil Procedure on the 31st day of December, 2014.

        /s/ Guy M. Hohmann
        Guy M. Hohmann