IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
MAY 20 2015
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY

| | |
|---|---|
| NEWCSI, INC., § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CAUSE NO. A-14-CV-00557-LY |
| § | |
| § | |
| STAFFING 360 SOLUTIONS, INC., § | |
|     DEFENDANT. § | |

## JURY CHARGE

### I.    GENERAL INSTRUCTIONS FOR THE JURY

**MEMBERS OF THE JURY:**

You have heard the evidence in this case and in a moment you will hear the arguments of the lawyers for the parties, but first, I will instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the lawyers will have an opportunity to make their closing arguments. Statements and arguments of the lawyers are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

You will be given questions to answer concerning the issues in this case. Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

A.  **CONSIDERATION OF THE EVIDENCE**

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

There are two types of evidence you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

In determining whether any fact has been proved in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

You are the sole judges of the credibility or believability of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say and how important that testimony was. In making that decision, and in determining the weight to give to the testimony of a witness, I suggest you ask yourself a few questions: Did the person impress you as honest? Did the

witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with any party to the case? Did the witness have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few considerations that may help you determine the accuracy of what each witness said.

### B.   EVIDENCE IN THE CASE

If a lawyer asked a witness a question that contained an assertion of fact, you may not consider the lawyer's assertion as evidence of that fact. The lawyers' statements are not evidence. When, however, the lawyers on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard the fact as proved.

Unless you are otherwise instructed, the evidence in this case always consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Any evidence as to which an objection was sustained by the court, any evidence ordered stricken by the court, and any testimony, exhibit, or conduct that the court has instructed you to disregard must not be considered by you and must not be used for any purpose in reaching your verdict.

### C.   EVIDENCE FOR A LIMITED PURPOSE

During the course of this trial I may have instructed you that I admitted certain evidence for a limited purpose or that you may consider some testimony as evidence against one party but not against another or for a certain purpose and not for others. You may consider such evidence only for the specific limited purpose for which it was admitted.

### D.   ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

### E.   EXPERT WITNESS

When knowledge of a technical matter may be helpful to the jury, a witness who has special experience or training is permitted to testify and state an opinion concerning such technical matters. Merely because an expert witness has expressed an opinion does not mean you must accept the opinion. As with any other witness, it is up to you to determine the credibility or believability of the expert witness and the weight to be given the expert's testimony. You may decide to rely on the expert's testimony or to disregard that testimony completely.

F.     **IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said or did something or failed to say or do something, that was different from the testimony the witness gave at this trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

G.     **CORPORATE PARTY INVOLVED**

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

A corporation can act only through people who are its agents or employees. In general, a corporation is responsible under the law for any of the acts and statements of its employees or agents that are made within the scope of their duties as employees or agents of the corporation.

H.      **USE OF NOTES TAKEN BY JURORS**

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

I.      **BURDEN OF PROOF**

The party asserting a claim, counterclaim, or affirmative defense must prove every essential part of its claim, counterclaim, or affirmative defense by a "preponderance of the evidence." The preponderance-of-the-evidence standard means that a party has to produce evidence that, when considered in light of all of the facts, leads you to believe that what that party alleges is more likely true than not. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely true than not true. It is simply, the greater weight of the credible evidence.

In determining whether any fact has been proved by a preponderance of the evidence in this case, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the party's claim, counterclaim, or affirmative defense by a preponderance of the evidence, you should find for the other party as to that claim, counterclaim, or affirmative defense.

## II. SPECIFIC INSTRUCTIONS

### A. DEFINITIONS

Plaintiff in this lawsuit is NewCSI, Inc. During the trial and in some of the evidence, this party has been referred to as "NewCSI" and "NCSI." In this Jury Charge and in your Verdict Form, "NewCSI" means and refers to Plaintiff NewCSI, Inc.

Defendant in this lawsuit is Staffing 360 Solutions, Inc. During the trial and in some of the evidence, this party has been referred to as "Staffing 360," "S360," and "360." In this Jury Charge and in your Verdict Form, "Staffing 360" means and refers to Defendant Staffing 360 Solutions, Inc.

During the trial, the parties have referred to Consolidated Solutions, Inc., or "CSI." Until November 4, 2013, CSI was a wholly-owned subsidiary of NewCSI. On November 4, 2013, Staffing 360 acquired CSI and it became a wholly-owned subsidiary of Staffing 360.

In this Jury Charge and in your verdict form, "Contract" means and refers to the Stock Purchase Agreement dated August 14, 2013.

### B. BREACH OF CONTRACT

NewCSI alleges that Staffing 360 breached the Contract. Under the law, a breach of contract occurs when:

    (1) there exists an enforceable agreement;

    (2) a party to the agreement breaches that agreement; and

    (3) damages result from the breach.

Under the law, a breach occurs when one or more of the parties to a contract fails to comply in accordance with what is promised in the contract.

A failure to comply must be material. The circumstances to consider in determining whether a failure to comply is material include:

(1) The extent to which the injured party will be deprived of the benefit which it reasonably expected;

(2) The extent to which the injured party can be adequately compensated for the part of that benefit of which it was deprived;

(3) The extent to which the party failing to perform will suffer forfeiture;

(4) The likelihood that the party failing to perform will cure its failure, taking into account the circumstances including any reasonable assurances;

(5) The extent to which the behavior of the party failing to perform comports with standards of good faith and fair dealing.

Technical words should be interpreted as usually understood by persons in the profession or business to which they relate and must be taken in the technical sense, unless the context of the instrument or applicable usage or surrounding circumstances clearly indicate a different meaning.

Particular words should be considered not as if isolated from the context, but in the light of the obligation as a whole and the intention of the parties manifested thereby.

You must consider the reasonable expectation and purpose of the ordinary business person in the factual context in which terms of art and understanding are used, keyed to the level of business sophistication and acumen of the parties.

In addition to the language of the agreement, the law imposes on a party to a contract a duty to enforce the contract in good faith. In that connection, good faith means honesty in fact and the observance of reasonable commercial standards of fair dealing.

## C. DAMAGES

If NewCSI has proved any claims against the other party by a preponderance of the evidence, you must determine the damages to which NewCSI is entitled. You should not interpret the fact that I have given instructions about NewCSI's damages as an indication in any way that I believe that NewCSI should or should not recover damages. Your first task is to decide whether Staffing 360 is liable to NewCSI. I am instructing you on damages only so that you will have guidance in the event you decide that one party is liable and is entitled to recover money from the other party.

If you find that Staffing 360 is liable to NewCSI, then you must determine an amount that is fair compensation for all of NewCSI's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make NewCSI whole-that is, to compensate NewCSI for the damage that NewCSI has suffered.

You may award compensatory damages only for injuries that NewCSI proves were caused by Staffing 360's allegedly wrongful conduct. The damages that you award must be fair compensation for all of NewCSI's damages-no more and no less. You may not award compensatory damages for injuries that are speculative, uncertain, contingent, or hypothetical, but only for those injuries which NewCSI has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that NewCSI prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In answering the questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court at the time of judgment, when the court applies the law to your answers.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

### III. CLOSING INSTRUCTIONS

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently or merely to finish the case.

Do not let bias, prejudice, or sympathy play any part in your deliberations. Remember that in a very real way you are the judges-judges of the facts. Your only interest is to seek the truth from the evidence in the case. If there is publicity about this trial, you must ignore it. Do not read anything or listen to any TV or radio programs about the case.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat

room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

This concludes my instructions on the law in this case. You will now hear the lawyers' closing arguments. You will then retire to the jury room to deliberate on your verdict. You may take this charge with you as well as any exhibits which the court has admitted into evidence. You should first select a Presiding Juror or Foreman and then begin your deliberations. If you recess during your deliberations, you must follow the instructions the court has previously given concerning your conduct during the trial. Your duty is to fill in the form answering the jury questions to reflect your unanimous verdict. Your Presiding Juror must then sign the form. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the Court Security Officer, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the lawyers your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Submitted the 20th day of May, 2015, at 5:23 o'clock p.m.

*Lee Yeakel*
Lee Yeakel
United States District Judge