IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NEWCSI, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Civil Action No. 1:14-cv-00557-LY |
| | § | |
| | § | |
| STAFFING 360 SOLUTIONS, INC. | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO CORRECT CLERICAL MISTAKE IN JUDGMENT**

Plaintiff NewCSI, Inc. ("NCSI") files this Response in Opposition to Defendant's Motion to Correct Clerical Mistake in Judgment, filed by Staffing 360 Solutions, Inc. ("S360") on December 18, 2015 ("S360's Motion") (Doc. #116). NCSI asks that the Court deny S360's Motion.

**I. SUMMARY**

This case was tried before a jury in May 2015, and a verdict was returned in favor of NCSI. NCSI then filed a motion for entry of judgment pursuant to the jury's verdict. *See generally* Plaintiff's Motion for Entry of Final Judgment filed June 3, 2015 (Doc. #80) ("NCSI's Motion for Judgment"). In that motion NCSI set forth arguments regarding proper application of certain Earn Out payments as credits to the amount owed to NCSI by S360 pursuant to the SPA. S360 did not dispute NCSI's proposed method in its response to NCSI's motion, and did not propose an alternate method in its own motion for entry of final judgment. The Court applied the Earn Out credits as outlined by NCSI in its Final

Judgment. S360 now argues that that method of applying Earn Out credits is incorrect, characterizing it as a clerical error. The application of Earn Out payments is a substantive issue requiring interpretation of the SPA, for which relief from judgment pursuant to Rule 60(a) should not be provided. Moreover, the argument now set forth by S360 regarding application of Earn Out payments has been waived.

## II. ARGUMENT

A court may correct a judgment under Federal Rule of Civil Procedure 60(a) at any time before an appeal is filed, but only under limited circumstances. The relevant test for the applicability of Rule 60(a) is whether the requested change affects substantive rights of the parties, placing it beyond the scope of Rule 60(a), as opposed to a clerical error – i.e. a copying or computational mistake - which is correctable under Rule 60(a). *Matter of W. Texas Mktg. Corp.,* 12 F.3d 497, 504-05 (5th Cir. 1994). The Fifth Circuit recently summarized that the rule is properly applied where the mistake is not "one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Rivera v. PNS Stores, Inc.,* 647 F.3d 188, 193-94 (5th Cir. 2011) (internal citations omitted). Clerical mistakes or inaccuracies of transcription, mathematical errors, and inadvertent omissions are within the scope of Rule 60(a), while "missteps involving substantive legal reasoning are not." *Id.* In *Matter of W. Texas Mktg. Corp.,* the Fifth Circuit clarified:

> As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed… [l]et it be clearly understood that Rule 60(a) is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and

mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).

*Matter of W. Texas Mktg. Corp.,* 12 F.3d 497, 504-05 (5th Cir. 1994).

### a. S360's request is not a proper application of Rule 60(a).

S360 asserts that the Court did not apply as credits all of the Earn Out payments made by S360 until the entry of judgment, and argues that the failure to do so is a mathematical error which should be corrected pursuant to Rule 60(a). S360's request is for substantive relief, and "correction" of the judgment in the manner proposed by S360 requires application of "different legal rules or different factual analyses" to the case. *Matter of W. Texas Mktg. Corp.,* 12 F.3d at 505. This fact is made clear by the length to which S360 goes to make arguments and rebut anticipated arguments of NCSI regarding what should only require identification of a "mindless and mechanistic mistake." *Id.* NCSI argues that the language of the SPA provides for a credit of the amount of any Earn Out that had been previously paid – all "upon the occurrence of an Adjustment Event." *See* Plaintiff's Motion for Entry of Final Judgment (Doc. #80). That argument was made by NCSI in its Motion for Entry of Judgment, and as discussed below, S360 did not dispute NCSI's position in its Response in Opposition to NewCSI's Motion for Judgment (Doc. #81). However, in the motion currently before the Court S360 directly refutes the interpretation of the SPA originally laid out by NCSI. S360 does not argue that any Earn Out amounts were entered incorrectly, totaled incorrectly, or that there was an "inadvertent omission" of Earn Out payment for a particular month. *Matter of W. Texas Mktg. Corp.,*

12 F.3d at 505. S360 argues for a new interpretation of relief provided to NCSI by the SPA.

Fifth Circuit case law, including the cases cited by S360, are clear that Rule 60(a) does not support correction of a judgment in circumstances like the one before the Court. In *In re American Precision Vibrator Co.,* 863 F.2d 428 (5th Cir.1989), the Fifth Circuit held that the Court could rectify an erroneous order dismissing the case where the clerk failed to timely docket a party's opposition to a motion to dismiss pursuant to Rule 60. Similarly, a trial court properly corrected an inadvertent failure to include liquidated damages in a judgment where there was a "clear intention" to include the damages in the Court's findings of fact. *Matter of W. Texas Mktg. Corp.,* 12 F.3d at 504. On the contrary, the Fifth Circuit has refused to apply Rule 60 to revise an order to direct a defendant to pay an additional amount to compensate the plaintiff for depreciation of stock awarded due to delay caused by the filing of an appeal. *Trahan v. First National Bank of Ruston,* 720 F.2d 832 (5th Cir.1983).

The "correction" S360 requests the Court make is not the type which simply requires the Court to employ a "judicial eraser to obliterate a mechanical or mathematical mistake" – it requires the Court to conduct a legal analysis of a disputed issue and provide new substantive relief. S360's Motion should be denied.

### b. S360's interpretation of the SPA is incorrect.

Even if S360's request was the proper subject of Rule 60(a), S360's interpretation of the SPA regarding application of Earn Out payment credits to the Adjustment Amount owed to NCSI is incorrect. The jury determined that S360 failed to comply with Paragraph

4

2.7 of the SPA which provides that Staffing 360 was to "reasonably finalize the dollar value of Deferred Tax Assets," as defined by Paragraph 2.7, on or before March 31, 2014, and pay NewCSI 50% of that amount on or before April 15, 2014. S360's failure to comply triggered Section 2.2(d) of the SPA, which provides:

> … [Staffing 360] acknowledges and agrees that, **upon the occurrence of an Adjustment Event**, the Purchaser shall pay NCSI, an amount equal to, in the case of Adjustment Event listed in (i), (ii), (iii) or (iv) below, $1.4 million less the amount of any Earn Out previously paid to NCSI or the Shareholders … (the "Adjustment Amount").[1]

SPA at ¶ 2.2(d) (emphasis added). The relevant Adjustment Event - Staffing 360's failure to comply with Paragraph 2.7 – occurred on April 15, 2014, the date by which S360 was to have calculated and paid 50% of the Deferred Tax Benefit. Thus, "upon the occurrence of" S360's breach (on April 15, 2014), S360 owed NCSI "$1.4 million less the amount of any Earn Out previously paid…" and owes that amount today. As adduced by Charles Cooper at trial, $247,857 in Earn Out had been paid by Staffing 360 as of April 15, 2014. Thus, Staffing 360 owes $1,152,143 ($1,400,000 less $247,857) in addition to the $154,433 owed pursuant to Question Two of the Verdict Form. This manner of calculating credits for Earn Out payments was contained in Plaintiff's Motion for Entry of Final Judgment, and was applied correctly in the Court's Final Judgment.

Moreover, S360 has waived the argument that Earn Out should be deducted in a manner other than that contained in the Final Judgment and outlined by NCSI here and in

---

[1] Paragraph 2.7(d) defines various Adjustment Events, including "The failure of [Staffing 360] to perform, keep or observe any term, provision, condition, covenant, warranty or representation contained in this Agreement." *See* SPA at ¶ 2.2(d)(ii).

5

its Motion for Entry of Final Judgment. *See* Plaintiff's Motion for Entry of Final Judgment at ¶ 3. The Fifth Circuit has made clear, in the somewhat similar context of Federal Rule of Civil Procedure 59 (which provides for altering or amending a judgment), that a Rule 59 motion may not be used to raise arguments that could reasonably have been presented before the entry of judgment. *See Santa Fe Snyder Corp. v. Norton*, 385 F.3d 884 (5th Cir. 2004). In this case there were voluminous motions, responses, and replies regarding each party's proposed judgment, and the method of calculation of damages which S360 opposed was specifically proposed by NCSI as recounted herein. S360 did not oppose it then, and cannot do so now.

S360's proposed "correction" is a request for substantive change and is not the proper subject of a Rule 60(a) motion, and the Court should deny its motion for that reason alone. The very substance of S360's Motion, which contains lengthy argument regarding the reasoning to be applied in order for the Court to accept S360's proposed application of Earn Out credits, highlights this fact. *Rivera v. PNS Stores* at 194 (missteps involving substantive legal reasoning are not within Rule 60(a)'s scope). Moreover, S360's proposed interpretation of the SPA is incorrect, and the argument set forth by S360 regarding application of Earn Out payments has been waived. For these reasons also, the Court should deny S360's Motion.

### III. PRAYER

For the reasons stated herein, NCSI respectfully requests the Court deny S360's Motion, and for all other and further relief NCSI may be granted.

Respectfully submitted,

**HOHMANN, BROPHY & SHELTON, PLLC**

By: */s/ Guy M. Hohmann*
    Guy M. Hohmann
    SBN: 09813100
    Carrie Puccia
    SBN: 24083691
    401 Congress Avenue, Suite 3050
    Austin, Texas 78701
    Telephone: (512) 596-3622
    Facsimile: (512) 532-6637

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served on all parties via the Western District of Texas CM/ECF system in accordance with the Federal Rules of Civil Procedure on the 6th day of January, 2016.

    */s/ Guy M. Hohmann*
    Guy M. Hohmann