# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **NEWCSI, INC.** | § | |
| | § | |
| **v.** | § | **A-14-CV-557-LY** |
| | § | |
| **STAFFING 360 SOLUTIONS, INC.** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Opposed Supplemental Motion for Award of Attorney's Fees (Dkt. No. 163), along with all responses and replies. The District Court also referred Plaintiff's Opposed Motion for Award of Attorney's Fees (Dkt. No. 92), and Plaintiff's Opposed Supplemental Motion for Award of Attorney's Fees (Dkt. No. 136), along with all responses and replies. The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules.

## I. Background

This is a breach of contract case. The District Court conducted a jury trial in the case, and the jury returned a verdict finding that Staffing 360 breached the relevant contract. Dkt. No. 90. After trial, the District Court referred Plaintiff's Opposed Motion for Award of Attorney's Fees to the undersigned. In that motion, NCSI requested an award of attorney's fees under TEX. CIV. PRAC. & REM. CODE § 38.001(8). Staffing 360 argued that under the contract at issue in the case, New York Law controlled, and that under New York law, NCSI was not entitled to attorney's fees. NCSI responded that even if New York law applied, it was still entitled to fees. On January 15, 2016, the undersigned issued a Report and Recommendation, finding that NCSI was entitled to recover its fees

under New York law, and concluded that the fees NCSI was entitled to were $504,729.27. Dkt. No. 141. Staffing 360 did not dispute the amount or calculation of the fees. NCSI also requested $75,000 for attorney's fees for an appeal, but the Court found this request to be premature and made no award of appellate fees.

On April 18, 2016, Judge Yeakel issued an Order on the Report and Recommendation. Dkt. No. 160. In that Order, Judge Yeakel accepted the Report and Recommendation with regard to NCSI's entitlement to fees, but dismissed the motion without prejudice as to the determination of the amount of fees until Staffing 360's appeal of the verdict was complete.[1] On appeal, the Fifth Circuit affirmed the judgment in the case. Dkt. No. 161. In accordance with Judge Yeakel's order deferring the determination of the proper amount of fees until after appeal, on September 29, 2017, NCSI filed its Opposed Supplemental Motion for Award of Attorney's Fees, seeking, in addition to the amount determined by the undersigned's original Report & Recommendation, an additional $75,288.38 in fees and $1,570.88 in expenses for the services of its appellate counsel, as well as the supplemental sum of $46,998 for the post-judgment work. Dkt. No. 163. Staffing 360 opposes the motion, disputing the amount of fees NCSI should be awarded.

## II. Analysis

Rolling up all its prior and current requests, NCSI has requested a total of $627,015.39 in attorney's fees and expenses for its counsel's work on this case. Because the District Court has already adopted the undersigned's Report and Recommendation finding that NCSI is entitled to fees, the sole remaining issue is the amount of fees NCSI should be permitted. Staffing 360 contends that

---

[1]Shortly before the original R&R on fees was issued, NCSI filed a supplemental request for fees, addressing the post-judgment work it had done on the case, seeking an additional $46,998. Judge Yeakel dismissed this motion without prejudice as well.

NCSI should not be awarded the amount it asks for, but instead should only receive $295,390.62. Dkt. No. 166. It argues that the fee award should be reduced because: (1) NCSI failed to provide credentials for most of its timekeepers; (2) the evidence fails to meet the standard for recovery of legal assistant time; (3) NCSI's redactions of the bills render those bills impermissibly vague; (4) NCSI engaged in impermissible block billing; (5) NCSI failed to segregate fees notwithstanding a claim to the contrary; and (6) NCSI submitted the same invoice for its appellate fees twice.

Under New York law, an award of reasonable attorneys' fees is typically calculated using the lodestar methodology, which requires the court to determine counsel's reasonable hourly rate and multiply it by the reasonable number of hours expended by counsel; that figure may then be adjusted in the district court's discretion. *See, e.g.*, *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) ("the lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence") (internal quotation omitted); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (lodestar figure is the "presumptively reasonable fee"). Hours that are "excessive, redundant, or otherwise unnecessary" are not recoverable. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In deciding whether the hours expended were reasonable, a court may look "to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d. Cir. 1992) (internal quotation omitted).

One permissible way for a court to assess a request for fees is to evaluate the reasonableness of each individual time entry and to make reductions and exclusions as necessary. *E.g., Pasternak v. Baines*, 2008 WL 2019812, *7 (W.D.N.Y. 2008). But another "practical means of trimming the fat" is to apply a percentage reduction to the total number of hours requested. *Kirsch v. Fleet St.,*

3

*Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation omitted).[2]  Under New York law, paralegal services are includable in an award of attorneys' fees, and the reasonableness of their fees is also determined by reference to the prevailing hourly rate in the relevant community.  *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 386 (S.D. N.Y. 2000) (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 284 (1989)*; U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 415-16 (2d Cir. 1989)).

When it issued its Report and Recommendation on fees in this case nearly two years ago, the Court thoroughly reviewed NCSI's submissions.  It has done so once again, including having pored over all of the supplemental submissions by both parties.  After that review, the Court makes the following findings:

- NCSI provided adequate credentials for its timekeepers and those credentials are readily available on counsel's website;

- NCSI's evidence meets the standard for recovery of legal assistant time;

- NCSI's redactions of its counsel's bills do not render those bills impermissibly vague;

- NCSI's counsel's block billing practice does not require reduction of the fee award as the billing entries are sufficiently specific;

---

[2]This seems to be a preferred method for many courts, as there is a large body of cases in which courts have used this approach.  *See Simmonds v. New York City Dep't of Corr.*, 2008 WL 4303474, *8 (S.D. N.Y. 2008) (applying 40% reduction); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) (applying 15% reduction); *Moreno,* 2008 WL 793605 at *6 (applying 15% reduction); *Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 388 F. Supp. 2d 159, 167 (W.D.N.Y. 2005) (applying 20% reduction); *Elliott v. Bd. of Educ. of Rochester City Sch. Dist.*, 295 F. Supp. 2d 282, 286 (W.D. N.Y. 2003) (applying 10% reduction); *Auscape Int'l v. Nat'l Geographic Soc'y*, 2003 WL 21976400, *5 (S.D.N.Y.) (applying 20% reduction), *aff'd* 2003 WL 22244953 (2d Cir. 2003); *Sabatini v. Corning-Painted Post Area Sch. Dist.*, 190 F. Supp. 2d 509, 522 (W.D. N.Y. 2001) (applying 15% reduction).

- NCSI's estimate that only 6% of its fees are attributable to its losing claim regarding Staffing 360's insolvency is too low; and

- NCSI did not submit the same invoice for its appellate fees twice although its expenses were calculated twice, and therefore the amount of appellate fees should be reduced by $1,570.88, from $75,288.38 to $73,717.50

With regard to the appropriate percentage reduction for claims on which NCSI did not prevail, the Court originally reduced the requested fees by 6%, as that was the position NCSI took, and Staffing 360 did not contest it. Staffing 360 now argues that a larger portion of the fees should have been denied. The Court concludes that those arguments have some merit, and will reduce the fees an additional 5%, for a total reduction of 11% of the originally requested figure ($537,315.75), or $484,211.02. Adding in $46,998 in post-judgment fees, $73,717.50 in appellate fees, and $1,570.88 in expenses, this results in a total award of $606,497.40.

## III. Recommendation

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiff's Opposed Supplemental Motion for Award of Attorney's Fees (Dkt. No. 163) and **AWARD FEES AND EXPENSES** to NCSI in the amount of $606,497.40.

## IV. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report

shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of November, 2017.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE